## CIRCUIT COURT OF THE CITY OF RICHMOND

American Brands, Inc.

v.

Department of Taxation

January 13, 1983

Case No. LF 706

By JUDGE MARVIN F. COLE

On May 5, 1982, American Brands, Inc., filed with this court an Application for Correction of Erroneous Assessment. The application alleged that during 1972 and 1973 the applicant had income from business activity which was taxable both within and without Virginia. The applicant further alleged that it had timely filed a Virginia income tax return for its taxable year ending December 31, 1972, and for its taxable year ending December 31, 1973, and had paid in full the Virginia income taxes shown thereon.

The application further alleged that after an audit by the Internal Revenue Service certain changes were made in the Federal taxable income of the applicant for the years in question. As a result of the federal changes, Virginia assessed additional Virginia taxes for 1972 and 1973. The applicant filed an amended return, which in addition to reporting the federal changes, changed the allocation and apportionment of income not affected by the federal changes and claimed a refund. It is admitted that the applicant had made certain errors in its tax return which had previously been filed. The amended return

was filed more than three years after the last day pre-scribed for the timely filing of the original returns, and was filed more than sixty days after the applicant executed an Internal Revenue Service Form 870, but within sixty days of the assessment made by the Internal Revenue Service. The Department of Taxation has denied the appli-cant's claim for a refund.

The applicant's claim for a refund was denied for two reasons:

1. The amended return was not timely filed, and

2. The claim was not limited to the federal changes.

In its response to the Application for Correction of the Erroneous Assessment the Department of Taxation has pleaded as a bar to the claim of the applicant applic-able statutes of limitations and the applicant has made a motion before the court to strike out this plea of the statutes of limitations. This matter is now before the court on the motion to strike out the plea of the statutes of limitations that have been advanced as a bar to this claim for a refund.

Virginia's corporation income tax is based upon a corporate taxpayer's federal income tax computation, in that the starting point for computing Virginia corporation taxable income is the taxpayer's federal taxable income as computed on its federal income tax return. On August 30, 1978, in the course of a federal audit of its federal income tax returns, applicant gave to the Internal Revenue Service a Waiver of Restrictions on Assessment and Collec-tion of Deficiency and Tax and Acceptance of Overassessment (Form 870-C). Subsequently on October 5, 1978, the Internal Revenue Service did assess additional federal income taxes against applicant on the basis of adjustment's to taxable income made as a result of the audit of applicant's federal income tax returns for 1972 and 1973.

The application in this case of the taxpayer is based upon Section 58-1118.1 of the Code of Virginia, which provides as follows:

> Any person filing a tax return required for any tax administered by the Department of Taxation may, within three years from the last day pre-scribed by law for the timely filing of the return, or within sixty days from the final

determination of any change or correction in the liability of the taxpayer for any Federal tax upon which the State tax is based, whichever is later, file an amended return with the department.

The first issue involved in this case is the interpretation of this statute, and the meaning of the language used "final determination". It is obvious from the facts of this case that the refund was not made within three years from the last date prescribed by law for the timely filing of the return. Therefore, if the applicant is to get past the applicable statute, it must come within the language "within sixty days from the final determination of any change or correction in the liability of the taxpayer for any federal tax upon which the state tax is based". The Department of Taxation contends that final determination is the date that the taxpayer signed the Waiver of Restrictions known as Form 870-C. The taxpayer claims that the sixty days commenced to run from the time that the Internal Revenue Service assessed the tax and it is critical in this case to determine the exact meaning of the words "final determination".

There are no Virginia cases construing the term "final determination" as used in the Code of Virginia nor is the term defined in the Code. However, Section 58-151.10(a) of the Code states that any term used in that chapter which is the chapter which we are concerned with in this case, shall have the same meaning as when used in a comparable context in the laws of the United States relating to the Federal income taxes, unless a different meaning is clearly required. Therefore, it appears that a review of the meaning of "final determination" in the federal law may be helpful in this instance.

The Department of Taxation claims that the "final determination" of the applicant's liability for federal tax was made on August 30, 1978, when it executed Form 870-C consenting to assessment by the Internal Revenue Service. Applicant claims that the "final determination" did not occur until October 5, 1978, when the Internal Revenue Service made its assessment based upon the August 30, 1978, Form 870-C. The amended return was filed December 1, 1978, more than sixty days after August 30, but within

sixty days from October 5. Accordingly, the issue is which of these two events constitutes a "final determination" for State income tax purposes.

In order to makes this determination it is important to have an understanding of the purpose and function of Form 870. The waiver is executed and filed by the taxpayer, and does not commit the Internal Revenue Service to anything when it is executed and filed. The form allows the Internal Revenue Service, if the reviewing authority of the Internal Revenue Service decides the figures on the form are correct, to make an immediate assessment of a deficiency in the amount stated in the form. Otherwise, the Internal Revenue Service would be required to give a ninety day notice of its intention to assess and during the ninety day period the taxpayer could apply to the Tax Court to contest the assessment. By executing and filing the waiver form 870 the taxpayer says to the Internal Revenue Service that if the figures on the form are what you propose to assess me, then I will waive my right to a ninety day notice and waive my right to apply to the Tax Court. The taxpayer has not waived his right to a refund and the waiver form so states. If the reviewing authorities of the Internal Revenue Service accept the waiver form then the assessment of the deficiency in taxes in accordance with the figures on the form follows. If the Internal Revenue Service does not accept the waiver, the Internal Revenue Service agent will return to the taxpayer and state that it has found errors and there are changes that the staff desires to be made. The waiver is destroyed and hopefully a new one can be prepared. The Commonwealth in this case contends that the execution of form 870 is the "final determination" for correcting the federal income taxes which are referred to in Section 58-1118.1 of the Virginia Code. The applicant contends that "final determination" is made after the waiver is filed and at the time the Internal Revenue Service makes the assessment of the deficiency.

I have reviewed the cases which have been cited to me by both parties and I am of the opinion that the waiver is no more than an offer to the Internal Revenue Service made by a taxpayer to accept a certain proposal and this proposal is then accepted by the Government by its making an assessment of the taxes due. It is my opinion that the waiver does not constitute any type of "final determina-

tion" when executed and filed. As a matter of fact the waiver is really not any determination at all having any mutuality to it. It would appear to me that the assessment later made by the Internal Revenue Service would be a better standard for ascertaining the meaning of "final determination" under our statute. I therefore hold that in this case that the amended return has been filed in a timely manner by the taxpayer since it was filed within sixty days of the assessment based upon the waiver.

We now come to the second point in the case, the claim made by the taxpayer that the amended return was not limited to the federal changes, but could in fact include previous errors made in the original return filed by the taxpayer. The question here involved is whether a refund on an amended Virginia corporation income tax return which is filed more than three years after the due date of the original return is limited to overpayments of income taxes arising from adjustments made in the final determination of federal income tax liability, or whether other errors appearing in the original tax return can be adjusted at this time.

The applicable code section which is pertinent to this issue is § 58-1118.1 which is as follows:

> Section 58-1118.1. *Reassessment and refund and upon filing of amended return; amended bank stock return.* Any person filing a tax return required for any tax administered by the Department of Taxation may, within three years from the last day prescribed by law for the timely filing of the return, or within sixty days from the final determination of any change or correction in the liability of the taxpayer for any federal tax upon which the State tax is based, whichever is later, file an amended return with the Department. If the Department be satisfied, by evidence submitted to it, or otherwise, that the tax assessed and paid upon the original return exceeds the proper amount, the Department may reassess the taxpayer and order that any amount excessively paid be refunded to him. The Department may reduce such refund by the amount of

any taxes, penalties and interest which are due by the period covered by the amended return, or any past due taxes, penalties and interest which have been assessed within the appropriate period of limitations. Any order of the Department denying such reassessment and refund, or the failure of the Department to act thereon within three months shall, as to matters first raised by the amended return, be deemed an assessment for the purpose of enabling the taxpayer to pursue the remedies allowed under this chapter . . .

The Tax Department takes the position that even if the amended return was timely filed that it was not limited to the State tax attributable to the change or correction of federal tax liability. The Commissioner in his letter stated that it is clear that, if filed more than three years from the due date of the original return, an amended return must be filed within sixty days of a federal change *and* the federal change must change something upon which the State tax is based. The Commissioner further states that to hold that the three year bar is avoided by minor federal changes, which actually increased the State tax due and are totally unrelated to taxpayer's refund claim, would place the taxpayer in a better position than taxpayers with similar time barred refunds claimed who actually reported their federal taxable income. Such a result would be unjust and cannot have been intended by the Legislature. On the other hand the applicant states that the Tax Department is attempting to read into the plain and unambiguous language of Section 58-1118.1 a qualification when none is provided for. The applicant contends that the language of the statute is plain and unambiguous and therefore the statute must be construed as it is written and that it is not the function of the courts to change or amend the enactment under the guise of construing it.

The court must determine what the statute means when it uses the language as follows:

Or within sixty days from the final determination of any change or correction in the liability of the taxpayer for any federal tax upon

which the state tax is based, whichever is later, file an amended return with the department.

As I perceive the position of the State Tax Department they feel that the words "upon which the state tax is based" is a limitation upon the taxpayer concerning the right given him by this statute to file an amended return with the department. However, I do not believe this view is tenable. It appears to me that the language of this statute is only referring to a specific period in time upon which the amended return can be filed. The statute gives a taxpayer a right to file an amended return but such return must be filed within a specific period of time. In other words, the grant of the privilege of filing the amended return is given only for a specific period of time and is therefore qualified as to time when the privilege can be exercised. There are, therefore, two qualifications upon the privilege as follows: (1) The amended return must be filed within three years from the last date prescribed by law for the timely filing of the return. (It is admitted by the applicant that he did [not] file within this time frame). Or (2) the amended return can be filed within sixty days from the final determination of any change or correction in the liability of the taxpayer for any federal tax upon which the state tax is based. This total language is merely descriptive of a certain specific period and certain specific time. All of the language is descriptive as to the time. This language in no way qualifies or limits the privilege which is given to the taxpayer to file an amended return with the department within the time frame that is set in the statute. There are no punctuation marks in the statute to show that more than one subject is under discussion.

The errors that the applicant made in its original return did not relate to the federal taxable income. The changes in the federal taxable income did not affect the errors of allocation made by the applicant. However, Section 58-1118.1 does not limit its remedy to a refund which is triggered by a federal audit. It merely says that within sixty days after final determination of the federal taxes, the taxpayer can come in and file an amended return. The statute gives two alternatives periods of time in which

an amended return may be filed: (1) within three years from the last date prescribed by law for the timely filing of the return, or (2) within sixty days from the final determination of any change or correction in the liability of the taxpayer for any federal tax upon which the state tax is based.

The statute does not differentiate between these two alternatives. It goes on to say that with respect to each that if the tax assessed to be paid on the original return exceeds the proper amount, the tax department may reassess the taxpayer in order that the amount excessively paid be refunded to him.

It is therefore my opinion that this statute gives those who come within its appropriate time frame a right to file an amended return with the department. The statute sets no limitation as to what can be placed in the amended return and therefore I am of the opinion that the taxpayer can amend his return so that it will be correct in all respects and this includes in this case the errors which the taxpayer had originally made plus any adjustments to the tax return which were necessitated by the federal audit.

As further proof of this the statute goes on to say that if the department be satisfied by evidence submitted to it or otherwise that the tax assessed and paid upon the original return exceeds the *proper amount*, the department may reassess the taxpayer and order that any amount excessively paid be refunded to him. It is my opinion that the proper tax that the taxpayer should be required to pay is the correct tax based upon all of the evidence and facts of the situation.

In response to the argument of the tax department that this would place a taxpayer in a better position if he had certain minor federal changes in his return than one who did not have such minor federal changes, the answer to this is that the one whose claim is barred by a statute is always in worse position that the one whose claim is not barred, even though the two taxpayers may stand in exactly the same position and should pay exactly the same tax. However, the taxpayer who has had the statute of limitations run in his favor is always favored as against the one who is not barred and this

is inevitable wherever there is any limitation or qualification upon a right.

For the reasons set out above I am of the opinion that the plea of the bar of the statute of limitations filed herein by the Department of Taxation should be dismissed.